**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUTHER SPEARS,** | ) | **CASE NO. 1:05 CV 2832** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **THE KROGER CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant The Kroger Co.'s Motion to Dismiss ("Motion") **(ECF No. 4).** For the following reasons, the Motion is **GRANTED.**

On December 7, 2005, Plaintiff Luther Spears filed a Complaint in the above-captioned case alleging claims of race discrimination and retaliation. No summons was contemporaneously issued. *See ECF No. 1*. On December 9, 2005, Spears' counsel filed a praecipe for issuance of a summons. *ECF No. 3*. Later that day, a summons was issued to Spears' counsel.[1] On June 23, 2006, more than 180 days after the Complaint was filed, Defendant The Kroger Co. ("Defendant" or "Kroger") filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5).

---

[1] This action is reflected on the case's docket sheet in an unnumbered docket entry.

The Motion alleges that Spears attempted to serve Kroger by sending a copy of the summons and complaint to a Kroger office location via United States mail more than 120 days after the complaint was filed. *Motion* at 1. The Motion also alleges that Spears failed to serve a registered agent of Kroger or a designated official for receiving process paperwork on behalf of Kroger. *Id*.

A plaintiff must serve a copy of the summons and complaint upon a defendant within 120 days after the filing of the complaint. FED R. CIV. P. 4(m). Spears' counsel states that he was under the impression that his staff had served the summons and complaint to Kroger; "having not heard anything," he discovered that the summons had not been mailed. *ECF No. 5* at 5 (Trivers Aff. ¶¶ 3-4). He then immediately mailed a summons and complaint to Kroger at the address given to him by his client. *Id*. ¶ 4. According to Spears' counsel, his staff thought the Court itself would serve the summons upon Kroger because that is the procedure followed in state court where counsel primarily litigates. *Id*. ¶¶ 5-6. Counsel also states that his caseload kept him extremely busy during the first half of this year. *Id*. ¶ 7.

Counsel's failure to familiarize himself with federal civil procedure does not excuse his conduct. If counsel wished for the Court to perfect service, he should have specifically made this request in the praecipe.[2] The docket sheet states that the "[s]ummons [was] issued to [the] Kroger Co. on 12/9/2005; issued to attorney." The implication of this entry is that the summons was issued to Spears' counsel for that particular defendant. It was counsel's duty to then serve the summons to Defendant. Even if counsel presumed this docket entry to

---

[2]The praecipe requested the Court to issue (but did not ask the Court to serve) a summons to Defendant.

-2-

mean that the Court actually *served* the summons upon Defendant, the non-receipt of a timely return of service should have alerted Spears' counsel to the possibility that Kroger was not properly served.

Although Defendant concedes that service was attempted on June 7, 2006 (approximately 180 days after the complaint was filed), Defendant argues that service was not perfected upon an appropriate agent. *Motion* at 2. Copies of the complaint and summons were delivered to the mail room of a Kroger office located at 4111 Executive Parkway, Westerville, Ohio 43081. *Id.* at 3. This office, argues Defendant, is not Kroger's corporate headquarters and does not house any individual authorized to accept service of process on Kroger's behalf. *Id.* at 3. A copy of the complaint was "routed" to Bryan Kittleson, the manager of labor relations for Kroger who works at the Westerville office. *ECF No. 4, Attach. 1* (Kittleson Decl. ¶¶ 2-3). Kittleson disclaims any authority to receive service of process and avers that no individual at the Westerville office to his knowledge is authorized to receive service of process. *Id.* ¶ 2.

The Federal Rules of Civil Procedure require a party to *deliver* a copy of the summons and complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). The term "deliver" in this context does not include service by mail. *Taylor v. Stanley Works,* No. 4:01-CV-120, 2002 WL 32058966, at *4 (E.D. Tenn. July 16, 2002); *see also LSJ Inv. Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999). As an alternative, Rule 4(h) allows service to be effected upon a corporation pursuant to the law of the State in which the district court is located. *See* FED. R. CIV. P. 4(e)(1). Ohio Rule of Civil Procedure 4.2(6)(F) provides that service of process shall be effected by serving the corporation by certified or express mail at any

of its usual places of business. The Ohio Supreme Court has held that service upon a corporation by certified mail is effective even if not specifically addressed to an officer or agent of that corporation. *Samson Sales, Inc. v. Honeywell, Inc.,* 421 N.E.2d 522, 524 (Ohio 1981). Plaintiff, however, provides no argument as to whether the summons and complaint were delivered by certified or express mail. *See Sawyer v. Lexington-Fayette Urban County Gov't,* 18 Fed.Appx. 285, 287 (6th Cir. Aug. 21, 2001) (unpublished) (Plaintiff bears the burden of establishing validity of service of process).

Plaintiff argues that the proper individuals ultimately received actual notice. *ECF No. 5* at 2. While it is true that every technical violation of Rule 4 may not invalidate the service of process, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53, 56 (3d Cir. 1986); *LSJ Inv. Co., Inc.,* 167 F.3d at 322 ("Th[e Sixth Circuit] has indicated . . . that it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4."). Accordingly, this case is dismissed without prejudice to Plaintiff's ability to serve his summons and complaint to the proper party.

Finally, it is important to note that the Complaint filed in this case is also defective. The Complaint alleges that Spears was discriminated and retaliated against based on his age (he is 47 years old) and race (he is an African-American) but does not allege any facts giving rise to these allegations to enable Defendant to respond. *See Mattes v. ABC Plastics, Inc.* 323 F.3d 695, 699 (8th Cir. 2003) ("Even the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it."); *Shields v. Fox Television Station, Inc.,* No. 98-6689, 2000 WL 658054, at *3 (6th Cir. May 9,

2000) (unpublished) ("[T]he complaint must give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). The Complaint states only that the discrimination was employment-related and alleges that Spears filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Compl.* ¶ 3. The underlying EEOC charge is not attached or described in any way except by identifying the charge number. Should Spears wish to re-file his complaint, he must comply with the notice pleading requirements of the Federal Rules and allege facts sufficient to put Defendant on notice of its alleged violations.

For the reasons stated herein, Defendant's Motion to Dismiss **(ECF No. 4)** is hereby **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     7/18/2006*
**Dan Aaron Polster**
**United States District Judge**